**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN TURNER,

        Plaintiff,

v.

LAW LIBRARY et al.,

        Defendants.

Case No. 2:14-cv-163-JAD-GWF

**ORDER**

**I.  DISCUSSION**

On April 21, 2014, this Court issued a screening order dismissing Plaintiff's complaint with prejudice in its entirety for failure to state a claim. (Doc. No. 11 at 4, 6). The Court found that Plaintiff had failed to state a claim for denial of access to the courts because such a cause of action only applied to non-frivolous direct criminal appeals, habeas corpus proceedings, and 42 U.S.C. § 1983 actions. (*Id.* at 4). However, in Plaintiff's complaint, he had alleged the denial of access to the courts based on his small claims lawsuits in justice court. (*Id.* at 3). Specifically, Plaintiff alleged that he could not file for defaults in his small claims lawsuits because of the law library staff's negligence. (*Id.*).

On May 6, 2014, Plaintiff filed a motion to reconsider. (Doc. No. 14 at 1). Plaintiff argues that he "stated to this Court in [his] amended complaint that [his] defaults were not filed" and that he had stated a claim in his complaint. (*Id.* at 1-2).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff reiterates that his denial of access claim is based on his inability to file defaults in small claims court. Plaintiff has not demonstrated that the law library staff caused him actual injury in his ability to file documents in non-frivolous direct criminal appeals, habeas corpus proceedings, or § 1983 actions. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3, 354-55 (1996).

**II.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration (Doc. No. 14) is **DENIED.**

Dated: May 12, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge